<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SURESH BADRINAUTH, | : | |
| Plaintiff, | : | Civil Action No.  04-2552 (JAG) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| METLIFE CORPORATION, | : | |
| ROBERT COSTELLO, and VIRGEL | : | |
| AQUINO, | : | |
| | : | |
| Defendants. | : | |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before the Court on the Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), Counts One, Two, Four, Five, Six, Seven, and Eight of Plaintiff's Amended Complaint by Defendants Metropolitan Life Insurance Company ("MetLife"), Robert Costello ("Costello"), and Virgel Aquino ("Aquino") (collectively, "Defendants").  For the reasons set forth below, this Motion will be granted in part and denied in part.

<u>**INTRODUCTION**</u>

Plaintiff Suresh Badrinauth was employed as a manager by Defendant MetLife.  His employment was terminated on June 30, 2003.  On June 1, 2004, Plaintiff filed a Complaint against Defendants.  On March 28th, 2005, this Court granted in part and denied in part Defendants' first Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6).  Plaintiff then filed an Amended Complaint which is the subject of this Motion to Dismiss.  The Amended Complaint alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 ("Title VII") and

of New Jersey's Law Against Discrimination ("LAD"), as well as other employment-related unlawful conduct.

## ANALYSIS

### I.      Governing Legal Standards

#### A.      Standard for a Rule 12(b)(6) Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

2

The Supreme Court has characterized dismissal with prejudice as a "harsh remedy." New York v. Hill, 528 U.S. 110, 118 (2000). Dismissal of a count in a complaint with prejudice is appropriate if amendment would be inequitable or futile. "When a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

## II.     Defendants' 12(b)(6) Motion to Dismiss

### A.     Counts One, Seven, and Eight

Defendants contend that Plaintiff has failed to state valid claims for: 1) breach of contract and fraud (Count One); 2) defamation (Count Seven); and 3) intentional interference with economic advantage (Count Eight). In his brief in opposition, Plaintiff does not address these three counts in any way. This Court infers that Plaintiff concedes that Counts One, Seven, and Eight should be dismissed with prejudice. Defendant's Motion to Dismiss Counts One, Seven, and Eight will be granted, and Counts One, Seven, and Eight will be dismissed with prejudice.

### B.     Count Two: State Law Claim for Wrongful Termination

In Count Two, Plaintiff alleges wrongful termination: he was discharged in retaliation for his threat to report MetLife to authorities for labor law violations. Defendants argue that this claim is not cognizable under New Jersey law, which requires an actual complaint to an external authority. Plaintiff responds that New Jersey law has no such requirement.

The parties raise a challenging question requiring interpretation of conflicting language in New Jersey Supreme Court decisions. The New Jersey Supreme Court first recognized a cause of action for wrongful termination under the common law in Pierce v. Ortho Pharmaceutical

3

Corp., 84 N.J. 58, 72 (1980), which held that "an employee has a cause of action for wrongful discharge when the discharge is contrary to a clear mandate of public policy."  The Court has confirmed that the essential requirement of a cause of action under Pierce is that the discharge violate a clear mandate of public policy.  Mehlman v. Mobil Oil Corp., 153 N.J. 163, 182 (N.J. 1998).

Defendants argue that New Jersey has, in effect, a per se rule requiring an actual report to an external authority as a predicate to maintaining an action for wrongful termination under Pierce.  For authority, Defendants point to what seems to be a clear statement by the New Jersey Supreme Court, albeit in dicta.  Comparing the common law cause of action for wrongful termination, as defined in Pierce, with the statutory action under the New Jersey Conscientious Employee Protection Act ("CEPA"), the Court wrote: "The CEPA cause of action benefits the employee because notification or threatened notification to a public body or a supervisor of illegal employer conduct is sufficient.  N.J.S.A. 34:19-3a.  Under Pierce, however, there must be actual notification to a governmental body of illegal employer conduct."  Young v. Schering Corp., 141 N.J. 16, 27 (1995).  This appears to state a bright line rule which requires actual notification to a government body; Plaintiff alleges that he threatened to notify, but did not actually do so.  Examining the New Jersey Supreme Court's Pierce jurisprudence as a whole, however, this quote from Young does not accurately represent that Court's understanding of Pierce.

The New Jersey Supreme Court has consistently treated the Pierce requirements as flexible.  Pierce itself expressly calls for such flexibility: "Absent legislation, the judiciary must define the cause of action in case-by-case determinations."  Pierce, 84 N.J. at 72.  This does not

4

support finding per se rules and limitations.

Furthermore, in discussing the law of wrongful discharge under <u>Pierce</u>, the Court stated: "The common law grows and expands in response to perceived needs to serve the ends of justice." <u>Shaner v. Horizon Bancorp.</u>, 116 N.J. 433, 454 (1989). The Court then considered recognizing a new <u>Pierce</u> cause of action, but stated that it might be unnecessary if the plaintiff had other protections and remedies. <u>Id.</u> In <u>Young</u>, it made this statement of its holding in <u>Pierce</u>: "the sources of law where a mandate of public policy may be found are expansive." <u>Young</u>, 141 N.J. at 29. Finding the per se rule Defendants advocate is inconsistent with the Court's <u>Pierce</u> jurisprudence of expansiveness and flexibility.

Moreover, Defendants' interpretation is inconsistent with the New Jersey Supreme Court's policy rationale for recognizing the cause of action in <u>Pierce</u>: "Employees will be secure in knowing that their jobs are safe if they exercise their rights in accordance with a clear mandate of public policy." <u>Pierce</u>, 84 N.J. at 73. Employees have a right to be paid in accordance with the law. Employees should have the security of knowing that their jobs are not in jeopardy if they report violations of the labor laws to their superiors, or threaten to make reports to external authorities. The per se rule Defendants advocate is inconsistent with this rationale.

Other than the dicta from <u>Young</u> discussed above, the cases cited by the parties support Plaintiff. Defendants mislead by their quotes from <u>House v. Carter-Wallace, Inc.</u>, 232 N.J. Super. 42, 48 (N.J. Super. Ct. App. Div. 1989). In <u>House</u>, the court did not require a report to an external authority; rather, it required "effective action in opposition," as opposed to mere disagreement. <u>Id.</u> at 49. Furthermore, Plaintiff notes that the New Jersey Supreme Court did not require an actual complaint to an external authority when it determined that Plaintiff's pleadings

5

"suggest a cause of action" for wrongful termination under <u>Pierce</u>.  <u>Velantzas v.</u>

<u>Colgate-Palmolive Co.</u>, 109 N.J. 189, 194 (1988).

In the end, Defendants fail to persuade that, if the facts alleged are true, the New Jersey

Supreme Court would not find a cause of action under <u>Pierce</u>.  If Plaintiff's allegations are true,

he was fired because he threatened to expose MetLife's violations of labor laws regarding

overtime payment.  Such a discharge is contrary to the clear mandate of public policy, and

Plaintiff has stated a valid claim under the principles fundamental to <u>Pierce</u>.  To decide in favor

of Defendants, this Court would have to conclude that a discharge for threatening to expose labor

law violations is not contrary to the mandates of public policy.  Defendants have not attempted to

argue this point, no less done so persuasively.  Defendants have not carried their burden of

showing that no claim has been presented.  <u>Hedges</u>, 404 F.3d at 750.  Defendants' motion to

dismiss Count Two will be denied.

C.      <u>Count Four: Claims for Gender Discrimination and Hostile Work Environment</u>

At the outset, it is important to differentiate between sex discrimination and sexual

harassment.  "Sexual harassment in the workplace can be broadly defined as abusive treatment of

an employee, by the employer or by a person or persons under the employer's control, which

would not occur but for the victim's sex."  3-46 Lex K. Larson, Larson on Employment

Discrimination (2005) § 46.01.  Discrimination on the basis of sex occurs when, in situations

related to employment, an employer treats men and women differently.  <u>Id.</u> at § 40.01.

In Count Four, Plaintiff claims that Defendant Costello, his superior, gave preferential

treatment to a female employee with whom he was romantically involved, and that this sexual

favoritism constitutes discrimination on the basis of gender and creation of a hostile work

environment, contrary to Title VII and the LAD.  Defendants contend that Plaintiff has failed to state valid claims under the relevant federal and state laws.

In reply, Plaintiff does not dispute Defendants' arguments about the LAD, but does contend that, while a minority view, some cases provide support for Plaintiff's position under Title VII.  In none of the cases cited, however, does a court recognize a claim of sex discrimination under Title VII based on sexual favoritism: instead, the cases involve sexual harassment of a plaintiff and a claim of hostile work environment.  See Priest v. Rotary, 634 F. Supp. 571, 581 (D. Cal. 1986); Broderick v. Ruder, 685 F. Supp. 1269, 1278 (D.D.C. 1988). While the Third Circuit has not addressed this issue, Defendants observe that it is well-settled in the Fifth Circuit that sexual favoritism cannot give rise to a discrimination claim under Title VII: "When an employer discriminates in favor of a paramour, such an action is not sex-based discrimination, as the favoritism, while unfair, disadvantages both sexes alike for reasons other than gender. . . [I]t is settled law in this Circuit that such paramour favoritism does not run afoul of Title VII."  Wilson v. Delta State Univ., 143 Fed. Appx. 611, 614 (5th Cir. 2005).  Plaintiff fails to rebut Defendants' argument.

Moreover, Plaintiff's claim of sex discrimination based on sexual favoritism has no validity on its face.  Plaintiff has presented only vague statements and legal conclusions of discrimination.  Count Four lays out no specific factual allegations which, if true, would even suggest that Plaintiff suffered because of his gender.  Plaintiff has failed to state a claim of sex discrimination.

As to Plaintiff's claim that sexual favoritism created a hostile work environment, the parties dispute whether such a claim is cognizable under Title VII.  "EEOC guidelines are

accorded deference in sexual harassment discrimination cases." <u>Drinkwater v. Union Carbide Corp.</u>, 904 F.2d 853, 859 (3d Cir. 1990).  The EEOC has issued guidelines specifically related to this legal theory, sexual favoritism as the basis for claims under Title VII.  <u>See</u> EEOC Policy Guidance on Employer Liability Under Title VII for Sexual Favoritism, EEOC Notice No. 915-048 (January 12, 1990).  The EEOC's Policy Guidance clearly states that sexual favoritism can be a basis for a valid hostile work environment claim under Title VII: "If favoritism based upon the granting of sexual favors is widespread in a workplace, both male and female colleagues who do not welcome this conduct can establish a hostile work environment in violation of Title VII regardless of whether any objectionable conduct is directed at them."  <u>Id.</u>

Although this cause of action is cognizable under Title VII, Plaintiff still has failed to state a valid hostile work environment claim due to sexual favoritism.  "For sexual harassment to be actionable, it must be sufficiently severe or pervasive to alter the conditions of [the victim's] employment and create an abusive working environment." <u>Meritor Sav. Bank, FSB v. Vinson</u>, 477 U.S. 57, 67 (1986) (internal citation omitted).   Again, the Complaint contains only vague statements and legal conclusions about a hostile work environment.  The Complaint alleges no specific facts which, if true, would allow a conclusion that Plaintiff experienced treatment severe or pervasive enough to create an abusive working environment.  Plaintiff has failed to state a valid claim for hostile work environment claim due to sexual favoritism.

Defendants' Motion to Dismiss Count Four will be granted, and Count Four will be dismissed.

     D.     <u>Count Five: Tortious Interference with Economic Advantage</u>

Defendant contends that Plaintiff has failed to state a valid claim for tortious interference

with prospective economic advantage.  In Count Five, Plaintiff alleges that, after he threatened Costello with reporting the labor law violations, Costello vowed revenge.  Plaintiff was later terminated.

New Jersey law requires that four elements be pled to state a valid claim for tortious interference:

> First . . . there must be allegations of fact giving rise to some reasonable expectation of economic advantage.  Second, the complaint must allege facts claiming that [] interference was done intentionally and with malice.  Malice is defined to mean that the harm was inflicted intentionally and without justification or excuse.  Third, the complaint must allege facts leading to the conclusion that the interference caused the loss of the prospective gain. A plaintiff must show that if there had been no interference[,] there was a reasonable probability that the victim of the interference would have received the anticipated economic benefits.  Fourth, the complaint must allege that the injury caused damage.

MacDougall v. Weichert, 144 N.J. 380, 404 (1996) (internal citations omitted).

Count Five fails to state a valid claim on its face.  Accepting every allegation as true, all that is claimed is that Costello vowed revenge, and Plaintiff was terminated.  Plaintiff alleges no link between the two, nor makes any specific allegations of interference.  The claim provides only conclusory assertions, not factual allegations which, if true, would constitute interference.  Mere threats of revenge, without more, are insufficient to state a claim for interference.

 Defendants' Motion to Dismiss Count Five will be granted, and Count Five will be dismissed.

E.      Count Six: Defamation

Defendants contend that Plaintiff has failed to state a valid claim for defamation.  In Count Six, Plaintiff alleges that, after his termination, MetLife publicly posted a photo of him with an "admonition disparaging Plaintiff's character" which was malicious and damaged his

9

reputation.  The Complaint does not specify the alleged defamatory words.  Defendants argue that New Jersey law requires that a complaint specify the defamatory words used.  Darakjian v. Hanna, 366 N.J. Super. 238, 249 (N.J. Super. Ct. App. Div. 2004); FDIC v. Bathgate, 27 F.3d 850, 875 (3d Cir. 1994).

In response, Plaintiff argues that the posting of the photograph alone could be defamatory.  Plaintiff's sole argument is that a few courts have recognized a cause of action for defamation by photograph.  This misses the point: when deciding a motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(6), the Court determines the legal sufficiency of the complaint based on whether it satisfies the relevant pleading requirements.  In re Alpharma Sec. Litig., 372 F.3d 137, 147 (3d Cir. 2004).  Defendants have provided authority for the argument that the pleading requirements for a complaint for defamation have not been satisfied.  To rebut this, Plaintiff must, at a minimum, argue that the pleading requirements have been satisfied.  Plaintiff has not done so.  The only New Jersey authority Plaintiff cites in support is Salek v. Passaic Collegiate School, 255 N.J. Super. 355, 358 (N.J. Super. Ct. App. Div. 1992), a case which did not address pleading requirements and as such is not on point.  Count Six does not meet the pleading requirements for a claim of defamation under New Jersey law.

Defendants' Motion to Dismiss Count Six will be granted, and Count Six will be dismissed.

      F.    Dismissal with or without Prejudice

Defendants move for dismissal of each count with prejudice, but have not argued that amendment of the complaint would be inequitable or futile.  Because this Court does not find that amendment would be inequitable or futile, the dismissal of Counts Four, Five and Six is

without prejudice.  As Plaintiff has not opposed dismissal with prejudice of Counts One, Seven,

and Eight, they will be dismissed with prejudice.

<u>**CONCLUSION**</u>

For the reasons stated above, Defendants' Motion to Dismiss Counts One, Two, Four,

Five, Six, Seven, and Eight of Plaintiff's Amended Complaint, pursuant to FED. R. CIV. P.

12(b)(6), is denied in part and granted in part.   Defendants' Motion to Dismiss Count Two is

denied.  Defendants' Motion to Dismiss Counts One, Seven, and Eight is granted, and these

Counts are dismissed with prejudice.  Defendants' Motion to Dismiss Counts Four, Five and Six

is granted, and these Counts are dismissed without prejudice.  As to Counts Four, Five and Six,

Plaintiff is granted leave to amend the Amended Complaint within 45 days of the filing of this

Opinion.


  S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: February 3, 2006