UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| SURESH BADRINAUTH, | : |
| Plaintiff, | : Civil Action No. 04-cv-2552 (PGS) |
| v. | : |
| METLIFE CORPORATION, ET AL., | : **MEMORANDUM AND ORDER** |
| Defendants. | : |

The facts and determinations of the case are set forth in the Court's prior Opinion dated April 2, 2008 and are incorporated herein.

There are two issues left in this motion: (a) whether Plaintiff fulfilled the notice requirements of *Tartaglia v. UBS PaineWebber, Inc.*, 961 A. 2d 1167 (N.J. 2008) in his wrongful discharge suit, and (b) whether there is any causal connection between Plaintiff's actions to have certain employees paid overtime in accordance with statute and his discharge.

Under *Tartaglia*, the Supreme Court of New Jersey decided that it was not necessary for a plaintiff to file an external complaint of a violation of public policy with an outside agency in order to sustain a cause of action for wrongful discharge. In *Tartaglia*, the Supreme Court found notification to upper management of a violation of public policy may be sufficient. Justice Hoens in her opinion stated:

> That is to say, a complaint to an outside agency will ordinarily be a sufficient means of expression, but a passing remark to co-workers will not. A direct complaint to senior corporate management would likely suffice, but a complaint to an immediate supervisor generally would not.

*Id.* at 1193. Mr. Badrinauth complained in May 2002 to Robert Costello, his superior, about the

failure to pay appropriate overtime to employees. According to the papers submitted, MetLife held meetings with the affected employees in December 2002 and issued compensatory back-pay to each at that time. Plaintiff also submitted an affidavit contrary to his deposition stating that in 2002 he spoke to Virgil Aquino, Mr. Costello's direct supervisor, about the wrongful pay. Since MetLife's motion for summary judgment is before this Court, and giving all reasonable inferences to Plaintiff, his notice to Mr. Aquino as senior manager is a sufficient expression of a violation of public policy to upper management.

Defendant MetLife further contends there is no causal connection between Plaintiff's termination and his notice of violation of public policy to the defendants. *See id.* at 1192. Evidently, in May and June 2003, about 3 - 6 months after overtime payments were rectified, Plaintiff was in serious violation of company policies for irregular trading practices, including a negative balance in his brokerage account and a check disbursement where joint signatures of Plaintiff and his fiancee were necessary but did not occur. Having uncovered Plaintiff's noncompliance, Mr. Aquino referred the matter to the Special Investigations Unit of MetLife. The unit found that Mr. Badrinauth, without Marliese Flis's (his fiancee's) permission, (a) withdrew the money from the joint account, and (b) changed the address on the account from Ms. Flis's to his address. Based on these financial trading violations, he was suspended and then dismissed a month later.

In this matter, the corporate policy to uphold financial integrity of each transaction in the market is essential. MetLife undertook strong deliberate action in defense of its corporate policy. The dismissal was warranted for Plaintiff's non-compliance with ordinary trading practices. In short, there is no causal connection between Plaintiff's termination for irregular trading practices and his notification to Defendants regarding the violation of public policy. Here, the irregular trading

practices are a superceding cause. Without such a connection, summary judgment is appropriate. There is no issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327-28 (1986).

THEREFORE, based upon the above,

IT IS on this 7th day of May, 2009,

ORDERED that Defendant MetLife's Motion for Summary Judgment is Granted, and the case is dismissed with prejudice.

_____
PETER G. SHERIDAN, U.S.D.J.

May 5, 2009